IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ROBERTO VIERA,                          :
                                        :
              Plaintiff,                :          CIVIL NO. 1:10-CV-1717
                                        :
        v.                              :          Hon. John E. Jones III
                                        :
SUPERINTENDENT WENEROWICZ,              :
*et al.*,                               :
                                        :
              Defendants.               :

## MEMORANDUM

August 22, 2012

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

On August 18, 2010, Plaintiff Roberto Viera ("Plaintiff" or "Viera") initiated the above action *pro se* by filing a Complaint raising civil rights claims under 42 U.S.C. § 1983 as well as state law tort claims for intentional infliction of emotional distress and negligence, based upon his allegations that he received inadequate medical care while he was confined at the Frackville State Correctional Institution ("SCI Frackville") in Frackville, Pennsylvania.  (Doc. 1.)  For the reasons set forth below, this action will be deemed abandoned and dismissed for failure to prosecute.

## I.    RELEVANT PROCEDURAL BACKGROUND

By Order dated July 17, 2012, we referred this matter to Joseph Barrett,

Esquire, the Director of the Court's Alternative Dispute Resolution ("ADR")

Program, to conduct a mediation as to the remaining claims against the sole

remaining Defendant, Corrections Officer Robin Hopkins.  (Doc. 41.)  Both our July

17 Order, and our July 12, 2012 Order granting summary judgment in favor of

Defendants Bly and Long, and denying summary judgment as to Defendant Hopkins,

were mailed to Plaintiff's address of record at SCI Frackville.  However, both Orders

were returned in the mail as undeliverable with a notation that Viera was paroled.

(*See* Docs. 42, 43.)  Upon the return of our July 12 Order, the Court contacted SCI

Frackville and confirmed that Viera had been released on parole on April 9, 2012 and

had left a forwarding address.  The Court updated the docket with Viera's forwarding

address and re-mailed the July 12 and July 17 Orders to Viera at that address.

On August 15, 2012, ADR Coordinator Barrett mailed a letter to Viera at the

forwarding address that had been entered on the docket attempting to schedule a

mediation in September.  (Doc. 44.)  On August 21, 2012, the letter was returned in

the mail as undeliverable with the notations "Attempted Not Known" and "Unable to

Forward."  (Doc. 45.)

The Standing Practice Order issued in this case on August 31, 2011 provides,

in relevant part, as follows:

2

> A *pro se* plaintiff has the affirmative obligation to keep the court informed of his or her current address.  If the plaintiff changes his or her address while this lawsuit is being litigated, the plaintiff shall immediately inform the court of the change, in writing.  If the court is unable to communicate with the plaintiff because the plaintiff has failed to notify the court of his or her address, the plaintiff will be deemed to have abandoned the lawsuit.

(Doc. 21 at 4.)

## II.   DISCUSSION

Federal Rule of Civil Procedure 41(b) provides that an action may be involuntarily dismissed "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order."  Further, the rule permits *sua sponte* dismissals by the court. *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630-31 (1962); *Hewlitt v. Davis*, 844 F.2d 109, 114 (3d Cir. 1998) (same).

In determining whether to exercise its discretion to dismiss as a sanction for failure to prosecute and failure to comply with court orders, a district court must balance the six (6) factors set forth in *Poulis v. State Farm Fire & Cas. Co.,* 747 F.2d 863, 868 (3d Cir. 1984): (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions

3

other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. *Ware v. Rodale Press, Inc.,* 322 F.3d 218, 221 (3d Cir. 2003); *see also Adams v. Trustees of N.J. Brewery Employees' Pension Trust Fund*, 29 F.3d 863, 873-78 (3d Cir. 1994) (applying *Poulis* factors to dismissal under Rule 41(b)).  The court must consider all six factors. *Ware*, 322 F.3d at 221-22; *United States v. $8,221,877.16 in United States Currency*, 330 F.3d 141, 162 (3d Cir. 2003).

### A.    Analysis of the *Poulis* Factors

#### 1.    The extent of the party's personal responsibility

Pursuant to the Court's Standing Practice Order, a *pro se* plaintiff has the obligation to inform the court of address changes.  (*See* Doc. 21 at 4.)  As set forth above, it is apparent that, even though Viera was released on parole on April 9, 2012, he has failed to contact this Court with an updated address in the ensuing four (4) months.  Moreover, it is apparent from the return of ADR Coordinator Barrett's August 15 letter that Viera no longer is at the forwarding address that he provided to SCI Frackville officials upon his release on parole, yet he still has not contacted this Court with his current address.  Because Viera has failed to notify the Court of his current address, it only can be concluded that he is personally responsible for failing

4

to comply with the Standing Practice Order.

### 2.    The prejudice to the adversary

"Evidence of prejudice to an adversary would bear substantial weight in support of a dismissal or default judgment." *Adams*, *supra*, 29 F.3d at 873-74 (internal quotations and citations omitted).  Generally, prejudice includes "the irretrievable loss of evidence, the inevitable dimming of witnesses' memories or the excessive and possibly irremediable burdens or costs imposed on the opposing party." *Id.* at 874.  A consideration of this factor in the instant case weighs in favor of dismissal to the extent Defendant has incurred costs in preparation for the contemplated mediation.

### 3.    A history of dilatoriness

"Extensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response to interrogatories, or consistent tardiness in complying with court orders." *Adams*, 29 F.3d at 874; *see also Ware*, *supra*, 322 F.3d at 222 (finding that a history of dilatory conduct existed because the plaintiffs "failed repeatedly" to provide a damages calculation for the defendant; *Emerson v. Thiel College*, 296 F.3d 184, 191 (3d Cir. 2002) (finding that a history of dilatory conduct existed because the "procedural history of this case reflects continuous

dilatoriness" as demonstrated by the plaintiff's multiple requests for stays and failure to comply with multiple deadlines). In the instant case, while Viera's failure to provide his address to the Court in the over four (4) months since his release on parole may be characterized as dilatory, Viera has not exhibited dilatory behavior previously in the course of these proceedings, and therefore, we find no history of dilatory conduct.

### 4.    Conduct that is willful or in bad faith

Under this factor, the District Court must consider whether the conduct was "the type of willful or contumacious behavior which was characterized as flagrant bad faith." *Adams*, 29 F.3d at 875 (internal quotation marks and citation omitted). Generally, "[w]illfulness involves intentional or self-serving behavior." *Id.*; *see also Emerson*, 296 F.3d at 191 (finding bad faith because the conduct went beyond mere negligence). Viera's failure to notify the Court of his address change is not conduct which necessarily would be characterized as willful or in bad faith.

### 5.    Effectiveness of sanctions other than dismissal

Ordinarily, a District Court must consider the availability of sanctions alternative to dismissal. *Poulis*, 747 F.2d at 869. However, where a plaintiff is proceeding *pro se*, and also is proceeding *in forma pauperis*, as in this case, it has

been found that no alternative sanctions exist because monetary sanctions, including the imposition of attorney's fees, "would not be an effective alternative." *Emerson*, 296 F.3d at 191.  As such, in a case such as the one at hand, where the Court is completely unable to communicate with the party who initiated the action as a result of his failure to provide notification of his new address upon his release on parole, the only appropriate sanction is dismissal.

### 6.    Meritoriousness of the claim

"A claim, or defense, will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff or would constitute a complete defense." *Poulis*, 747 F.2d at 869-70 (citing *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984); *Feliciano v. Reliant Tooling Co.,* 691 F.2d 653, 657 (3d Cir. 1982); *Farnese v. Bagnasco*, 687 F.2d 761, 764 (3d Cir. 1982).  As discussed in the portion of our July 12, 2012 Memorandum and Order denying summary judgment as to Defendant Hopkins, a genuine issue of material fact exists as to the sole remaining claim in this lawsuit- namely, whether Hopkins was deliberately indifferent to a serious medical need of Viera's.  (*See* Doc. 40 at 19-20.)  As discussed in our Memorandum, resolution of this issue only may be made through a credibility determination by a jury.  (*See id.*)  As such, in considering

7

this final *Poulis* factor, while Viera's sole remaining claim is potentially meritorious, its ultimate merit cannot be determined without his participation in this litigation.

### B.      Balancing the *Poulis* Factors

In balancing the *Poulis* factors, no single factor is dispositive, *Ware*, 322 F.3d at 222, and not all of the factors need be satisfied in order to dismiss a complaint. *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992).  Based on the foregoing analysis, it is apparent that many of the crucial factors weigh in favor of dismissal of this action as a result of Viera's failure to comply with the Standing Practice Order, which has resulted in the Court being completely unable to communicate with him regarding this litigation.

## III.   CONCLUSION

For the foregoing reasons, the Court is left with no choice but to deem this action abandoned and to dismiss it pursuant to Federal Rule of Civil Procedure 41(b). An appropriate Order will issue on today's date.